977 So.2d 799 (2008)
Robert TAYLOR, Tim Taylor, Scott Taylor, Jim Taylor, Susan Danielson, Patty Merrick, Andy Taylor, Tony Taylor, Marcella Froehlich, Charlotte Blanks, Bradley Taylor Inman, and Charles Inman, Appellants,
v.
Mary E. MILLER, individually, and as Trustee of the Mary E. Long Revocable Living Trust adopted September 18, 2003, and as Personal Representative under the Mary E. Long Last Will and Testament and Robert L. Miller, individually and as successor Trustee of the Mary E. Long Revocable Living Trust dated September 18, 2003, and alternate Personal Representative under the Last Will and Testament of Mary E. Long, Appellees.
No. 2D07-4463.
District Court of Appeal of Florida, Second District.
April 4, 2008.
Randolph L. Smith, Bradenton, for Appellants.
Kimberly A. Bald and Brian L. Trimyer of Harllee & Bald, Bradenton, for Appellees.
PER CURIAM.
The appellants, who were the plaintiffs in the circuit court action, have challenged a final judgment in favor of the defendants on the plaintiffs' motion for attorneys' fees and costs. The circuit court apparently denied the plaintiffs' motion for attorneys' fees as untimely based upon the reasoning expressed in Barco v. School Board of Pinellas County, 946 So.2d 1244 (Fla. 2d DCA 2007), a decision recently quashed by the Florida Supreme Court. 975 So.2d. 1116 (Fla.2008). Therefore, the appellants have filed a "motion for reversal under consent," which we grant.
A motion for attorneys' fees and costs filed after the jury verdict but before the entry of the final judgment is timely under Florida Rule of Civil Procedure 1.525 (2006 amend.). See Barco, 33 Fla. L. Weekly at S90, 975 So.2d at ____ (holding that rule 1.525 does not mandate service of a motion for attorneys' fees or costs only within a thirty-day window following the filing of the judgment) (emphasis added). Therefore, *800 we reverse the final judgment on attorneys' fees as well as the circuit court's orders striking the plaintiffs' motion for attorneys' fees and denying the plaintiffs' motions for rehearing and reconsideration. Furthermore, we remand for reinstatement of the circuit court's order granting the plaintiffs' motion for entitlement to attorneys' fees, and for further proceedings as necessary.
Reversed and remanded with directions.
CASANUEVA, SALCINES, and SILBERMAN, JJ., Concur.